United States District Court
Southern District of Texas
FILED  3:30

MAR 1 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TEXAS GULF TRAWLING CO., INC. | § | |
| | § | MISC. NO. **B-01-008** |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| RCA TRAWLERS & SUPPLY, INC. AND | § | **APPEAL FROM:** |
| PATRICIO AHUMADA | § | ADVERSARY NO. 96-2054-B |
| | § | United States Bankruptcy Court |
| Defendants. | § | |

## EMERGENCY
### MOTION FOR STAY OF REMAND ORDER PENDING APPEAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

TEXAS COMMERCE BANK, N.A. Third-Party Defendant in Adversary No. 96-2054-B and Movant in the above referenced proceeding (herein "Movant") pursuant to 28 U.S.C. 1452(b), BRP 8005 and 7062 and Rule 62, FRCP, file this its EMERGENCY Motion For Stay Pending Appeal, and would show the Court the following:

### I.
### PRELIMINARY STATEMENT

1.     On March 12, 2001, the Bankruptcy Court rendered an Order denying Movant's Emergency Motion for Stay of Order on Remand Pending Motion for Reconsideration and Pending any Subsequent Timely Filed Appeal and Memorandum of Authorities.

2.     On March 2, 2001, the Bankruptcy Court entered an Order (herein "Remand Order") remanding this case to the District Court of Cameron County, Texas.  Pursuant to Federal Rule of Bankruptcy Procedure 8015, Movant timely requested Reconsideration of the Remand Order, and reversal of same, so that this Removed Adversary Proceeding may proceed

CNIPDF - www.fenito.com

to final adjudication before the Bankruptcy Court consistent with the Bankruptcy Court's jurisdiction under 28 U.S. C. §1334.

3.      On March 12, 2001, the Bankruptcy Court issued a ruling from the bench denying the Motion for Reconsideration.  On March 12, 2001 Movant's filed its Notice of Appeal.  This Emergency Stay Motion arises from the Denial of the Motion for Reconsideration of Order on Remand by the Bankruptcy Court.   Movant is seeking a stay and the continuation of any stay granted for the duration of its timely filed Appeal from denial of the Reconsideration Motion. The following are Movant's arguments and authorities in support of its Emergency Stay Motion.

4.      The basis of the Motion to Reconsider, and the relative merits of such Motion and the appeal are fully set forth therein and attached hereto as Exhibit "A."   Accordingly, such matters will not be restated herein, but are incorporated herein by reference as if fully set out *verbatim.*

## II.
## ARGUMENTS AND AUTHORITIES

### A.    STAYS PENDING APPEAL ARE FAVORED TO PREVENT MOOTNESS OF AN APPEAL

5.      If the clerk certifies the remand order to the State District Court at the expiration of the 10 day statutory stay period provided in the Rules of Bankruptcy Procedure, then "the . . . (bankruptcy court) is completely divested of jurisdiction once it mails a certified copy of the [remand] order.  *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991), *quoting Browning v. Navarro,* 743 F.2d 1069 1078 (5th Cir. 1984).   Stays pending appeals are favored to avoid mootness or unfair prejudice to parties. *See, eg. In re Victory Constr. Co.*, 9 BR 570 (1981, Bankr.) *vacated,* 37 BR 222 (BAP) *later proceeding*, 42 BR 145.  And a stay is required to delay enforcement of a bankruptcy court order or judgment. *In re Monson*, 87 BR 577, 587 (W.D. Mo. 1988 Bankr).   As illustrated below, *no other remedy exists to avoid complete loss of jurisdiction of a remanded case except appeal.*  Movant here seeks a stay pending appeal of denial of the reconsideration of the Bankruptcy Court's Remand Order, and only thereafter is a

possible appeal involved.   An appeal should be accompanied by a stay to prevent mootness of any such appeal.

6.     28 U.S.C. § 1452(b) permits a party to appeal to the United States District Court an order remanding a removed case.   Bankruptcy Rules of Procedure ("BRP") 8005 and 7062 and Rule 62, FRCP,  provide for three types of stays pending appeal and outline the procedure for stays from bankruptcy orders on appeal to the District Court.   A stay pending appeal exists either as a matter of right under Rule 62(d) (BRP 7062) or, alternatively, as a matter of discretion pursuant to Bankruptcy Rule 8005.  Bankruptcy Rule 8005, by its terms, provides the bankruptcy court (or the District Court determining Bankruptcy appeals) with  substantially broader discretion than afforded a court by Rule 62 for granting stays not controlled by (or excluded from) operation of FRCP 62.

**B.    RULE 62, FRCP; BRP 7062. STAY OF PROCEEDINGS TO ENFORCE A JUDGMENT IS A STAY AS A MATTER OF RIGHT:**

7.     With certain exceptions, under the BRP 7062 and Rule 62, FRCP, when an appeal is taken from a judgment or order, the appellant may obtain a stay *as a matter of right* by posting a bond.   BRP 7062 provides that "Rule 62, F.R. Civ. P. applies in adversary proceedings[1] ". . . except that an order granting relief from an automatic stay provided by §§ 362, 922, or 1301 of the Code, an order authorizing or prohibiting the use of cash collateral or property of the estate under § 363, and an order authorizing the trustee to  obtain credit pursuant to § 364 shall be additional exceptions to Rule 62(a) FRCP [incorporated by reference in BRP 7062]. Subsection (d) incorporated verbatim in BRP 7062, reads as follows:

> "(d) When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. . . . The stay is effective when the supersedeas bond is approved by the court." Rule 62(d), FRCP.

---

[1]     Rule 7062 also applies in contested matters and BRP 7062 expressly provides that it and FRCP 62 apply in adversary proceedings.

It is clear form the express language of BRP 7062 that "orders" (as opposed to "judgments") are contemplated in the rule. An order remanding a case to state court does not fall within any exception set forth in either FRCP 62 or BRP 7062 list of excluded orders.[2]

8. By following Federal Rule of Civil Procedure 62, two important benefits for the party appealing an adverse bankruptcy court order accrue as a matter of right:

(a) an automatic ten-day stay of the order is in effect [*See* FED. R. CIV. P. 62(a)]; and

(b) *the right* to supersede the order or judgment by posting a bond. *Id.* at 62(d).

### (I). STAYS AS A MATTER OF RIGHT UNDER BRP 7062.

9. Rule 7062 recognize that a party entitled to a stay as of right, may obtain it by posting a bond approved as to terms and amount by the bankruptcy court. *Id.* Thus, a stay may be obtained as a matter of right when the appellant: (i) appeals any appealable order of a Bankruptcy Court (except those specified in 'Rule 62(a) and those additionally enumerated exceptions set forth in BRP 7062)[3] and (ii) posts a supersedeas bond in an amount sufficient to protect the appellee. Thus, BRP 7062 (and 9014 BRP) *require* a bankruptcy court to stay the effect of its order pending appeal if the appellant gives sufficient monetary security in form of a supersedeas bond.[4]

---

[2]     The exceptions to Rule 7062 are notable. There is no automatic ten-day stay of orders granting relief from the automatic stay, orders granting or denying use of cash collateral or property of the estate, or an order authorizing the trustee to obtain credit. The amended Bankruptcy Rules will extend this exception to section 363 orders authorizing use, sale, or lease of property and to section 365 orders for assumption or rejection of an unexpired lease or executory contract.

[3]     If the case falls within one of the exceptions to Rule 7062, however, a stay can only be obtained with leave of court.

[4]     As noted earlier, exceptions to 7062, BRP, include:
         a.            injunction
         b.            receivership

10.     Although the appeal in this case is not an appeal of a money judgment, both Rule 62(d) and BRP 7062 are not limited in application to money judgments.  *See,  7 Moore's Federal Practice and Procedure* , ¶¶ 62.06 at 62-36 (2nd ed. 1992). *Becker v. United States*, 451 U.S. 1306, 101 S. Ct. 3161 (1981); In *Newhall v. Offshore Logistice International*, 803 F.2d 821 (5th Cir. 1986) the court implicitly held that a stay as of matter of right could have been obtained in connection with an appeal of an order dismissing a personal injury action on the grounds of *forum non conveniens.  Id.* at 827.    Stays as a matter of right are often granted on an appeal of a non-money judgment;  *e.g.*. for mortgage foreclosure and receivership [*See, U.S. vs. Mansion House Cntr. Redevelopment Co.,* 682 F. Supp. 446 (E.D. Mo. 1988). *J. Perez & CIA, Inc. v. US.* 578 F. Supp. 1318 (D.P.R. 1984, *aff'd on other grounds,* 747 F.2d 813 (1st Cir 1984); *See, also City of Shelbyville Ky. v. Glover*, 184 F. 234 (6th Cir 1910)].   And the specific language of BRP 7062 excludes only certain "orders" from application of the rule in bankruptcy adversary proceedings, none of which are applicable here.   In this case, appeal from a remand order deals with this Court's exercise of subject matter jurisdiction and should be of such a nature as to entitle a party seeking the exercise of subject matter jurisdiction to a stay pending appeal as a matter of right.

## C.     RULE 8005. STAY PENDING APPEAL AS A MATTER OF DISCRETION

11.     The  standard  for  granting  a  discretionary  stay  is  the  same  in  almost  all jurisdictions and is similar to the familiar standard for granting a preliminary injunction.  Rule 8005 provides:

> "A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . [T]he bankruptcy judge may suspend or order the continuation  of other proceedings in the case

| | |
|---|---|
| c. | accounting |
| d. | relief from the automatic sty |
| e. | order authorizing or prohibiting use of cash collateral |
| f. | order authorizing extension of credit. |

Instead, a stay is always discretionary as to these exceptions.

under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. *Id.* Rule 8005.

All four elements of the standard must be answered in the affirmative, although the weight given each varies considerably from case to case:

(a)     Whether the movant has made a showing of his likelihood of success on the merits;

(b)     Whether the movant will suffer irreparable injury if the stay is not granted;

(c)     Whether the granting of the stay would not substantially harm the other parties; and

(d)     If the public interest is implicated, whether the granting of the stay would serve the public interest. *See, e.g.. In re First S. Sav. Ass'n,* 820 F.2d 700, 704 (5th Cir. 1987).[5] In addition, the movant has the burden of showing each of these elements. *In re Charter Co.,* 72 B.R. 70 (M.D. Fla. 1987); *In re Baldwin United Corp.,* 45 B.R. 385, 386 (Bankr. S.D. Ohio 1984).

---

[5]     *See, also, Steinberg v. Esposito,* 81 B.R. 449, 449--50 (N.D. Ill. 1987); *In re Pine Lake Village Apartment Co.,* 21 B.R. 395, 398 (S.D.N.Y. 1982) (relying on non-bankruptcy cases in the Second and D.C. Circuits); *In re Great Barrington Fair & Amusement, Inc.,* 53 B.R. 237, 239 (Bankr. D. Mass. 1985); *In re Baldwin United Corp.,* 45 B.R. 385, 386 (Bankr. S.D. Ohio 1984); *Hamilton v. Lomas Mortgage, U.S.A.,* 95 B.R. 564 (N.D. Ill. 1989) (where debtors would be adequately compensated by damages and mortgagee's interest in residence was not clearly protected, showing was not made). *But see In re Internet Realty Partnership,* 27 B.R. 938, 939--40 (Bankr. E.D. Pa. 1983) (holding that the four elements are not conjunctive and granting a stay in the absence of proof that the movant would prevail on appeal); *In re Barrick Group, Inc.,* 99 B.R. 513\ (Bankr. D. Conn. 1989) (four factors are not rigid rules but rather should be used as guides).

12.    Courts have held that a strong showing on one prong (e.g.. irreparable harm to the Movant) will excuse a weak showing on other prongs,[6] and that certain factors may be weighed more than others depending on the circumstances of the case. *See, e.g.. In re Charter Co.*, 72 B.R. 70 (M.D. Fla. 1987). *n re Intermet Realty Partnership*, 27 B.R. 938, 939--40 (Bankr. E.D. Pa. 1983) (holding that the four elements are not conjunctive and granting a stay in the absence of proof that the movant would prevail on appeal); *In re Barrick Group, Inc.*, 99 B.R. 513 (Bankr. D. Conn. 1989) (four factors are not rigid rules but rather should be used as guides).

13.    As indicated above, discretionary stays of orders pending appeal may be obtained under a four-prong test.[7]

### a.) Success on the merits

14.    Under this standard, an appellant is entitled to a stay if it demonstrates either

    a.    a probable success on the merits and the possibility of irreparable harm or injury; or

    b.    a fair chance of success on the merits and that the balance of hardships tips sharply in its favor. *State of Alaska v. Native Village of Venetie,* 856 F.2d 1384 (9th Cir. 1988). Nothing could be more severe to an appellant than to have its appeal rights lost as jurisdiction to remedy the erroneous order appealed from is lost. This, of course, makes the Bankruptcy Court the court of final determination, contrary to the express rights and remedies provided by statute. Courts have held that where a divergence of legal authority or case law on a particular question exists, a stay pending appeal is appropriate because the issue of the applicant's likelihood to prevail on the merits of an appeal is significant." *In re Richmond*

---

[6]    Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir. 1982) (Ruiz II) (modifying its suggestion in Ruiz I that a movant need only show a substantial case on the merits if the balance of equities weighs heavily in his favor on the other factors).

[7]    A stay should be granted where the appellant seeking a discretionary stay shows that (i) it is likely to succeed on the merits, (ii) the appellant will suffer irreparable injury if no stay is in place; (iii) no substantial harm will come to the appellee as a result of a stay; and (iv) the stay will do no harm to the public. BRP 8005; *In re Wymer* , 5, BR 802 (9th Cir 1980); *Lopez v.Heckler*, 713 F.2d 1432, 1435 (9th Cir 1983, aff'd 463 U.S. 1328 (1983), *motion to vacate denied*, 464 U.S. 879 (1983).

---

*Metal Finishers, Inc.*, 36 BR 272, *citing* **In re Dobslaw**, 20 BR 922, 924 (ED Pa. 1982, Bankr);

**In re Tenfield, Inc.**, 12 BR 14, 15 (ED Va. 1981, Bankr). *See, also* **In re First South Sav.**

**Assoc.**, 820 F.2d 700 (5th Cir 1987).

15.     All of Movant's arguments on the merits of its Motion to Reconsider the Remand

Order are set out in the Motion. The Duty of Courts to Hear Cases has been ignored where a

court refuses to acknowledge the law of the case, and acts *sue sponte* improperly. Abstention

(and remand) is not a doctrine favored by the Courts where the Courts clearly have jurisdiction.

> "*This Court repeatedly has stated that the federal courts have 'virtually
> unflagging obligation to exercise their jurisdiction except in those extraordinary
> circumstances where the order to the parties to repair to the State court would
> clearly serve an important countervailing interest.*" **Deakins v. Monaghan,** 484
> U.S. 193, 203 (1988) citing **Colorado River Water Conservation Dist v. U.S.** 424
> U.S. 800, 813; **Moses H. Cone Memorial Hospital v. Mercury Construction
> Corp.**, 460 U.S. 1 (1983). [Emphasis added.].

And the legislative history of the statute indicates that abstention under this law is appropriate

only in very limited circumstances not present in this case.[8]

### b.) Irreparable Harm Clearly Will Occur

16.     Mootness on appeal constitutes irreparable harm. *See,* **In re First South Sav.**

**Assoc.**, 820 F.2d 700, 709 n. 11 (5th Cir 1987). **Artukovic v. Rison**, 784 F.2d 1354, 1356 (9th

Cir 1986). **Matter of Combined Metals Reduction Co.**, 557 F.2d 179 (9th Cir 1977). Most

courts, including the Fifth Circuit, accept a showing that the appeal will likely be rendered moot

if the stay is not granted as compliance with this element. **In re First S. Sav. Ass'n**, 820 F.2d at

705; **In re Intermet Realty Partnership,** 27 B.R. at 939. An irreparable harm argument based

on possible mootness is bolstered by demonstrating that the contemplated or pending appeal is

the only avenue for relief. **In re First South Savings Association** demonstrates such an

argument. In that case, the value of the first lienholder's claim was higher than the value of the

---

[8]     Such limited circumstances are discussed in **Thompson v. Magnolia Petroleum,** 309 U.S. 478, 60 S.Ct.
628, 84 L.Ed. 876 (1940). The Supreme Court held in **Thompson** that the Bankruptcy Court had abused its
discretion in determining real property rights when the underlying state law was so unsettled that there was a direct
conflict at the Appeals Court level.

debtor's collateral (an office building). The bankruptcy court approved $2 million in new financing in exchange for the issuance of a super-priority lien to the new creditor which would have increased the value of the property by only $1 million. The first lienholder's interests would have been substantially undermined by the consummation of this losing deal. The bankruptcy court and the district court denied the motion for a stay.   On appeal to the Fifth Circuit, the court held that the lienholder's claims on the merits were strong and noted that unless a stay was granted, the super-priority position of the new creditor could not be modified or reversed on appeal if the loan was made in good faith "due to the express provisions of the Bankruptcy Code," namely, section 364(e). *[Id,* 820 F.2d at 704-05].   After concluding that there was no other avenue for relief and that the other parties would not be harmed by the stay, the court issued a "limited mandamus" requiring the district court to enter a stay and hold a prompt hearing on the merits of the appeal.   The interplay between the need for a stay and the doctrine of mootness is apparent. Unless a stay is granted pending appeal, this appeal could easily be rendered moot by the certification to the State Court of the Order of Remand. *See, e.g., In re First S. Sav. Ass'n,* 820 F.2d 700 (5th Cir. 1987); *Miami Center Ltd. Partnership v. Bank of N.Y.,* 838 F.2d 1547 (11th Cir 1988); *In re Charter Co.,* 81 B.R. 90 (M.D. Fla. 1987); *In re Quality Spice Corp.,* 107 B.R. 843 (D.N.J. 1989) (appeal dismissed where all transactions of agreement were consummated and relief was rendered moot). For this reason, the motion for stay which accompany the notice of appeal, where a later legal remedy is unavailable in the absence of a stay, is critical.

**c.) No Material Harm to Appellee Will Occur**

17.   This element is not significant in an appeal of an order granting a remand motion. Most all cases emphasizing this element deal with damage to the reorganization process if a delay occurs. *See, e.g.. In re Masterpeter,* 58 BR 155 (D NJ 1986, Bankr).   This is not the case here, where the reorganization process will not be delayed by the stay and this Court's retention of jurisdiction over this case until a ruling on the remand issue.

**d.)   Public Interest Favors A Stay**

18.     As is the case with the previous element, it is usually argued that the public

interest disfavors the granting of a stay pending appeal in bankruptcy cases because the delay

may permit creditor and equity interest to decline. *See, e.g.. In re Porter,* 54 BR 81, 82 (ND

Okla 1985, Bankr.).   This is not the case here.   There is no pending reorganization, only

liquidation.   The suit is to recover damages for the benefit of the Debtor, not its creditors.

Although the law applicable to 28 U.S.C. 1334 now prohibits remand, even if this were not the

case, none of the *Browning v. Navarro,* 743 F.2d 1069, 1076 (5th Cir. 1984) equitable grounds

for remand are compelling in this case.   (1)   forum non conveniens;[9]   (2)   a holding that, if the

civil action has been bifurcated by removal, the entire action should be tried in the same court;[10]

---

[9]     Federal courts generally follow the *forum non conveniens* factors that the Supreme Court originally articulated in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947). *See, e.g.,* 1A *Moore's Federal Practice,* ¶ 0.345[5], at 4363 (1994); *Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824, 836 (5th Cir. 1993). The "private interest" factors to consider include the following factors:

- the weight to be given to plaintiff's original choice of forum;
- the relative ease of access to sources of proof;
- availability of compulsory process for attendance of unwilling witnesses;
- questions as to the enforceability of a judgment if one is obtained; and
- relative advantages and obstacles to fair trial.

1A *Moore's Federal Practice,* ¶ 0.345[5], at 4363-67.

   The factors concerning ease of access to proof and ability to compel the presence of unwilling witnesses both militate for the bankruptcy court as a more convenient forum. Further, the Plaintiff will not be able to recover from Ms. Campos without the bankruptcy court's participation (and despite Plaintiff's protestations that it will not seek recovery from Campos, she remains a defendant in this Adversary Proceeding), and the Defendants' rights and liabilities as they relate to Ms. Campos can only be decided by the bankruptcy court in a claims allowance proceeding. Therefore, the factor of the ability to enforce a judgment, if obtained, indicates that the bankruptcy court is the appropriate forum.

[10]     Usually when a court remands on this ground, it is because of significant prior expenditure of resources in state court. In contrast, in the present situation, there have been no significant proceedings thus far in the state court prior to removal. *See, e.g., Intra Muros Trust v. Trust Stop Scale Co.,* 163 B.R. 344, 346 (N.D. Ind. 1994) (citing fact that state court had "spent over two years of time and effort on this case, and this case was ready for trial before the Notice of Removal was filed" in ordering remand); *In re Morris,* 55 B.R. 615, 616 (Bankr. N.D.Tex. 1985) (remanding, citing "substantial duplication of efforts already expended in the state court litigation" in that "the state court had familiarized itself with the legal and factual issues," "substantial discovery had been undertaken," and a pre-trial hearing was pending); *In re Chapman,* 132 B.R. 153, 158 (Bankr. N.D.Ill. 1991) (remanding, citing duplication of judicial resources in that case had been tried and issues fully disposed of in state court; all that remained in state court was foreclosure sale and approval thereof); *In re Shop & Go, Inc.,* 124 B.R. 915, 917 (Bankr. M.D.Fla. 1991).

---

considerations;[16] and   (8)   a lessened possibility of an inconsistent result.   *Id*.   The Court has also indicated that *In re Branded Products*, 154, B.R. 936, 942 (Bankr. W.D. Tex. 1993) factors should be included to expand *Browning*.   However, even under such extensions (i)  no factors can overcome the loss of jurisdiction to remand, nor (ii) support a federal common law policy of giving special consideration to a school district.

### D.   THE SUPERSEDEAS BOND REQUIREMENT FOR A STAY AS A MATTER OF RIGHT IS FLEXIBLE AND NON PUNITIVE:

19.   The costs of any bond in this case should be minimal.   TCB is a defendant, sued on a contingent, disputed and unliquidated claim.   The relevant factors to be considered in determination of whether, for a stay as a matter of right under BRP 7062, a bond will be required, and if so, the amount of the bond include:[17]

a.   The financial condition of the judgment debtor;  (this factor applies where there is an indication of lack of financial solvency, certainly not the situation for Movant herein) who is not the debtor in this proceeding.  Because no judgment is involved, any substantial bond would be in the nature of a pre-judgment writ which is totally unwarranted.   In fact, no bond should be required.

b.   The likelihood and degree of harm to the judgment debtor if execution of the judgment is not stayed.  (The factor weighs in favor of little or no bond because the appeal is limited in duration to an appeal to the District Court.)   Again, because no judgment is involved, and no liquidated claim at issue, no bond should be required.

c.   the likelihood and degree of harm to the judgment creditor if execution of the judgment is stayed;  (Of course, there is no judgment creditor in this case,  and no execution to be stayed).   No judgement execution is at issue.

---

[16]   There are no comity considerations supporting remand to Cameron County.  Comity considerations, however, do warrant exercise of Bankruptcy Court jurisdiction based on the recognized bankruptcy issues. Consequently, the balance of these considerations strongly favors bankruptcy jurisdiction over remand to state court.

[17]   *In re Calisoff*, 92 BR 357, 359 (Bankr. N.D. Ill 1988); *In re James Yao Gleasman*, 111 BR 545 (W.D. Tex. 1990).

d.      whether the judgment debtor will be less likely to able to satisfy the judgment after resolution of its post trial motion.   (Again, there is no judgment creditor in this case,  and no execution to be stayed).    TCB will be able to satisfy any costs incurred in this appeal of a remand order and accordingly, this factor should not justify a bond.

e.      the availability of alternate means of security.  (This is not an issue particularly in light of the favorable financial condition of the Movant, TCB).  *See, e.g.. In re Calisoff*, 92 BR 357, 359 (Bankr. N.D. Ill 1988);  *In re James Yao Gleasman,* 111 BR 545 (W.D. Tex. 1990).  No security is needed or required for an appeal as a matter of statutory right from a remand order.

20.     As indicated above, the posting of a bond is not mandatory under FRCP 62 or BRP 7062 in order to obtain a stay.[18]   And in a non-money judgment or order, the amount of the bond, if ordered, is only required to be sufficient to cover the unsatisfied judgment, costs on appeal, interest or damages for delay.  *See, Mansion House,*  682 F. Supp. at 449-450.  A bond may also not be required even in the case of money judgments.   In *Mansion*, the court did not require a bond, and noted that in a non-money judgment or order "the appropriate amount of the supersedeas bond . . . *would at most be a bond amount sufficient to cover the anticipated costs of the appeal." Id.* at 450 (Emphasis Added).   Thus, if a bond is found to be warranted, the amount of the bond, if required, should be sufficient to protect the appellee from the costs of an appeal (in non-money judgment appeals), and it is for the bankruptcy court to determine the amount and sufficiency of the bond.  *In re Max Sugerman Funeral Home, Inc.* 94 BR 16, 17 (D. RI 1988 Bankr);  *Farmer v. Crocker National Bank (In re Swift Aire Lines, Inc)*,  21 B.R. 12, 14 (Bankr. 9th Cir 1982).

21.     Two cases present examples of grants of a stay conditioned on the posting of a supersedeas bond. *Miami Center Ltd. Partnership*, 838 F.2d 1549 (bankruptcy court stayed

---

[18]      *See, e.g.. Dillon v. City of Chicago,* 866 F.2d 902 (7th Cir 1988) (district court abused its discretion by requiring a financially solvent appellant to post a bond sufficient to cover a judgment of $162,000).   Particularly as to remand orders, there is no money judgment.

order consolidating five debtors' estates and authorizing the sale of all assets to the principal creditor); *In re Pine Lake Village Apartment Co.*, 21 B.R. at 396 (bankruptcy court stayed order lifting automatic stay against lien enforcement proceedings).[19]

### III.
### CONCLUSION

22. Substantial and material harm predominates this Motion for Stay. Regarding the Motion to Reconsider, Movants have show a strong probability of success on the merits. Notwithstanding an adverse ruling on the Motion to Reconsider, it was never intended that with respect to decisions to remand, thereby decline jurisdiction, that the Bankruptcy Court be the court of final determination. Not only does the statute cut against this result (specifically and clearly) but the Federal and Bankruptcy Rules of procedure require, upon posting of security (if determined necessary) that a stay be imposed to allow appellate rights to perfect. Finally, the predominant element for discretionary stays, harm to the Movant, outweighs all the other elements and, to the extent that this Court does not believe a "likelihood" exists for success on appeal, that standard must only be weighed in context with the results of consideration of all four elements. Denial of a stay would be manifestly unfair and unjust and defeat the due process rights afforded litigants.

Wherefore, Movant requests that the Third Party Defendant's Emergency Motion for Stay of Order on Remand Pending Appeal be granted prior to March 13, 2001 and for such other and further relief as is just.

Dated: March 12, 2001.

---

[19] Ironically, because the bond was never filed in either case, the stay did not issue.

---

Respectfully submitted,

Shelby A. Jordan
State Bar No.  11016700
Admissions No. 2195
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555


Michael J. Urbis
Admissions No. 15132
State Bar No. 20414130
*Jordan, Hyden, Womble & Culbreth, P.C.*
2390 Central Blvd., Suite G
Brownsville, Texas 78520
Telephone No. (956) 542-1161
Telecopier No. (956) 542-0051

**Attorneys-in-Charge for Movants**

# CERTIFICATE OF SERVICE

I, Shelby A. Jordan, do hereby certify that a true and correct copy of the foregoing instrument was served to the following parties on this 12th day of March, 2001 by certified mail, facsimile or Federal Express as indicated:

**Via Certified Mail**
Patricio Ahumada
53 Alan A Dale
Brownsville, Texas 78521

**Via Certified Mail and**
**Via Fax (956) 541-2170**
Norton A. Colvin, Jr.
Rodriguez, Colvin & Chaney
1201 E. Van Buren
Brownsville, Texas 78520

**Via Certified Mail and**
**Via Fax (956) 982-0943**
Kelly K. McKinnis
612 Nolana Loop, Suite 240
McAllen, Texas 78504

**Via Certified Mail and**
**Via Fax (956) 544-7828**
Albert Villegas
1324 E. 7th Street
Brownsville, Texas 78520

**Via Certified Mail and**
**Via Fax (956) 982-0943**
Jose Rolando Olvera, Jr.
Fleming & Olvera
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521

**Via Federal Express Courier**
Attn: Anita Ainsworth, Case Manager
The Honorable Judge Manuel D. Leal
United States Bankruptcy Court
515 Rusk Avenue, 7th Floor
Houston, Texas 77002

_/s/_ Shelby A. Jordan

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *IN RE:* | § | |
| | § | CASE NO.   94-21338-B-11 |
| CICLON NEGRO, INC., | § | |
| | § | Chapter 11 |
| Debtor. | § | |

------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| TEXAS GULF TRAWLING CO., INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 96-2054-B |
| | § | |
| | § | |
| RCA TRAWLERS & SUPPLY, INC. AND | § | |
| PATRICIO AHUMADA | § | |
| | § | |
| Defendants. | § | |

## THIRD-PARTY DEFENDANTS' EMERGENCY MOTION FOR STAY
### OF ORDER ON REMAND PENDING MOTION FOR RECONSIDERATION AND PENDING ANY SUBSEQUENT TIMELY FILED APPEAL AND MEMORANDUM OF AUTHORITIES

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN  THAT TIME.  IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

**A HEARING HAS BEEN REQUESTED FOR _____, 2001.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

　　　NOW COMES TEXAS COMMERCE BANK, N.A., Third-Party Defendant in the

above-referenced action (herein "TCB" or "Movants"), and file with this Bankruptcy Court

Third-Party Defendants' Emergency Motion for Stay of Order on Remand Pending Motion for



Reconsideration and Pending Any Subsequent Timely Filed Appeal and its Memorandum of Authorities ("Emergency Stay Motion") and submit the following arguments and authorities in support of such Stay Motion.

## I.
## PRELIMINARY STATEMENT

1.      This Emergency Stay Motion arises from the Motion for Reconsideration of Order on Remand now pending.   Movant is seeking a stay and the continuation of any stay granted for the duration of Reconsideration Motion and any timely filed Appeal from denial of the Reconsideration Motion.  The following are Movant's arguments and authorities in support of its Emergency Stay Motion.

2.      The basis of the Motion to Reconsider, and the relative merits of such Motion are fully set forth therein.      Accordingly, such matters will not be restated herein, but are incorporated herein by reference as if fully set out *verbatim.*

## II.
## ARGUMENTS AND AUTHORITIES

### A.      STAYS PENDING APPEAL ARE FAVORED TO PREVENT MOOTNESS OF AN APPEAL

3.      If the clerk certifies the remand order to the State District Court at the expiration of the 10 day statutory stay period provided in the Rules of Bankruptcy Procedure, then "the . . . (bankruptcy court) is completely divested of jurisdiction once it mails a certified copy of the [remand] order. *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991), *quoting Browning v. Navarro,* 743 F.2d 1069 1078 (5th Cir. 1984).  Stays pending appeals are favored to avoid mootness or unfair prejudice to parties. *See, eg. In re Victory Constr. Co.*, 9 BR 570 (1981, Bankr.) *vacated*, 37 BR 222 (BAP) *later proceeding*, 42 BR 145.  And a stay is required to delay enforcement of a bankruptcy court order or judgment. *In re Monson,* 87 BR 577, 587 (W.D. Mo. 1988 Bankr).  As illustrated below, *no other remedy exists to avoid complete loss of jurisdiction of a remanded case except appeal.*  Movant here seeks a stay pending reconsideration of this Honorable Court's Remand Order, and only thereafter is a possible appeal

involved.   Motions for Reconsideration should be accompanied by a stay to prevent mootness of any such motion.

4.    28 U.S.C. § 1452(b) permits a party to appeal to the United States District Court an order remanding a removed case.   Bankruptcy Rules of Procedure ("BRP") 8005 and 7062 and Rule 62, FRCP,  provide for three types of stays pending appeal and outline the procedure for stays from bankruptcy orders on appeal to the District Court.   A stay pending appeal exists either as a matter of right under Rule 62(d) (BRP 7062) or, alternatively, as a matter of discretion pursuant to Bankruptcy Rule 8005.  Bankruptcy Rule 8005, by its terms, provides the bankruptcy court (or the District Court determining Bankruptcy appeals) with  substantially broader discretion than afforded a court by Rule 62 for granting stays not controlled by (or excluded from) operation of FRCP 62.

**B.   RULE 62, FRCP;  BRP 7062. STAY OF PROCEEDINGS TO ENFORCE A JUDGMENT IS A STAY AS A MATTER OF RIGHT:**

5.    With certain exceptions, under the BRP 7062 and Rule 62, FRCP, when an appeal is taken from a judgment or order, the appellant may obtain a stay *as a matter of right* by posting a bond.   BRP 7062 provides that "Rule 62, F.R. Civ. P. applies in adversary proceedings[1] ". . . except that an order granting relief from an automatic stay provided by §§ 362, 922, or 1301 of the Code, an order authorizing or prohibiting the use of cash collateral or property of the estate under § 363, and an order authorizing the trustee to  obtain credit pursuant to § 364 shall be additional exceptions to Rule 62(a) FRCP [incorporated by reference in BRP 7062]. Subsection (d) incorporated verbatim in BRP 7062, reads as follows:

> "(d) When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. . . . The stay is effective when the supersedeas bond is approved by the court." Rule 62(d), FRCP.

---

[1]    Rule 7062 also applies in contested matters and BRP 7062 expressly provides that it and FRCP 62 apply in adversary proceedings.

---

It is clear form the express language of BRP 7062 that "orders" (as opposed to "judgments") are contemplated in the rule. An order remanding a case to state court does not fall within any exception set forth in either FRCP 62 or BRP 7062 list of excluded orders.[2]

6.     By following Federal Rule of Civil Procedure 62, two important benefits for the party appealing an adverse bankruptcy court order accrue as a matter of right:

(a)     an automatic ten-day stay of the order  is in effect [*See*  FED. R. CIV. P. 62(a)]; and

(b)     *the right* to supersede  the order or judgment by posting a bond. *Id.* at 62(d).

### (1).   STAYS AS A MATTER OF RIGHT UNDER BRP 7062.

7.     Rule 7062 recognize that a party entitled to a stay as of right, may obtain it by posting a bond approved as to terms and amount by the bankruptcy court. *Id.*    Thus, a stay may be obtained as a matter of right when the appellant: (i)  appeals any appealable order of a Bankruptcy Court (except those specified in 'Rule 62(a) and those additionally enumerated exceptions set forth in BRP 7062)[3] and (ii) posts a supersedeas bond in an amount sufficient to protect the appellee.   Thus, BRP 7062 (and 9014 BRP) *require* a bankruptcy court to stay the effect of its order pending appeal if the appellant gives sufficient monetary security in form of a supersedeas bond.[4]

---

[2]     The exceptions to Rule 7062 are notable. There is no automatic ten-day stay of orders granting relief from the automatic stay, orders granting or denying use of cash collateral or property of the estate, or an order authorizing the trustee to obtain credit. The amended Bankruptcy Rules will extend this exception to section 363 orders authorizing use, sale, or lease of property and to section 365 orders for assumption or rejection of an unexpired lease or executory contract.

[3]     If the case falls within one of the exceptions to Rule 7062, however, a stay can only be obtained with leave of court.

[4]     As noted earlier, exceptions to 7062, BRP, include:
a.        injunction
b.        receivership

8.    Although the appeal in this case is not an appeal of a money judgment, both Rule 62(d) and BRP 7062 are not limited in application to money judgments. *See,  7 Moore's Federal Practice and Procedure* , ¶¶ 62.06 at 62-36 (2nd ed. 1992). *Becker v. United States*, 451 U.S. 1306, 101 S. Ct. 3161 (1981);   In *Newhall v. Offshore Logistice International*, 803 F.2d 821 (5th Cir. 1986) the court implicitly held that a stay as of matter of right could have been obtained in connection with an appeal of an order dismissing a personal injury action on the grounds of *forum non conveniens. Id.* at 827.    Stays as a matter of right are often  granted on an appeal of a non-money judgment;  *e.g..* for mortgage foreclosure and receivership [*See, U.S. vs. Mansion House Cntr. Redevelopment Co.,* 682 F. Supp. 446 (E.D. Mo. 1988). *J. Perez & CIA, Inc. v. US*. 578 F. Supp. 1318 (D.P.R. 1984, *aff'd on other grounds,* 747 F.2d 813 (1st Cir 1984); *See, also City of Shelbyville Ky. v. Glover*, 184 F. 234 (6th Cir 1910)].    And the specific language of BRP 7062 excludes only certain "orders" from application of the rule in bankruptcy adversary proceedings, none of which are applicable here.    In this case, appeal from a remand order deals with this Court's exercise of subject matter jurisdiction and should be of such a nature as to entitle a party seeking the exercise of subject matter jurisdiction to a stay pending appeal as a matter of right.

## C.    RULE 8005. STAY PENDING APPEAL AS A MATTER OF DISCRETION

9.    The standard for granting a discretionary stay is the same in almost all jurisdictions and is similar to the familiar standard for granting a preliminary injunction.  Rule 8005 provides:

> "A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . [T]he bankruptcy judge may suspend or order the continuation   of other proceedings in the case

| | |
|---|---|
| c. | accounting |
| d. | relief from the automatic sty |
| e. | order authorizing or prohibiting use of cash collateral |
| f. | order authorizing extension of credit. |

Instead, a stay is always discretionary as to these exceptions.

under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. *Id.* Rule 8005.

All four elements of the standard must be answered in the affirmative, although the weight given each varies considerably from case to case:

        (a)     Whether the movant has made a showing of his likelihood of success on the merits;

        (b)     Whether the movant will suffer irreparable injury if the stay is not granted;

        (c)     Whether the granting of the stay would not substantially harm the other parties; and

        (d)     If the public interest is implicated, whether the granting of the stay would serve the public interest. *See, e.g.. In re First S. Sav. Ass'n,* 820 F.2d 700, 704 (5th Cir. 1987).[5] In addition, the movant has the burden of showing each of these elements. *In re Charter Co.,* 72 B.R. 70 (M.D. Fla. 1987); *In re Baldwin United Corp.,* 45 B.R. 385, 386 (Bankr. S.D. Ohio 1984).

---

[5]     See, also, *Steinberg v. Esposito,* 81 B.R. 449, 449--50 (N.D. Ill. 1987); *In re Pine Lake Village Apartment Co.,* 21 B.R. 395, 398 (S.D.N.Y. 1982) (relying on non-bankruptcy cases in the Second and D.C. Circuits); *In re Great Barrington Fair & Amusement, Inc.,* 53 B.R. 237, 239 (Bankr. D. Mass. 1985); *In re Baldwin United Corp.,* 45 B.R. 385, 386 (Bankr. S.D. Ohio 1984); *Hamilton v. Lomas Mortgage, U.S.A.,* 95 B.R. 564 (N.D. Ill. 1989) (where debtors would be adequately compensated by damages and mortgagee's interest in residence was not clearly protected, showing was not made). *But see In re Intermet Realty Partnership,* 27 B.R. 938, 939--40 (Bankr. E.D. Pa. 1983) (holding that the four elements are not conjunctive and granting a stay in the absence of proof that the movant would prevail on appeal); *In re Barrick Group, Inc.,* 99 B.R. 513\ (Bankr. D. Conn. 1989) (four factors are not rigid rules but rather should be used as guides).

10.     Courts have held that a strong showing on one prong (e.g.. irreparable harm to the Movant) will excuse a weak showing on other prongs,[6] and that certain factors may be weighed more than others depending on the circumstances of the case. *See, e.g.. In re Charter Co.*, 72 B.R. 70 (M.D. Fla. 1987). *n re Intermet Realty Partnership,* 27 B.R. 938, 939--40 (Bankr. E.D. Pa. 1983) (holding that the four elements are not conjunctive and granting a stay in the absence of proof that the movant would prevail on appeal); *In re Barrick Group, Inc.*, 99 B.R. 513 (Bankr. D. Conn. 1989) (four factors are not rigid rules but rather should be used as guides).

11.     As indicated above, discretionary stays of orders pending appeal may be obtained under a four-prong test.[7]

### a.) Success on the merits

12.     Under this standard, an appellant is entitled to a stay if it demonstrates either

    a.     a probable success on the merits and the possibility of irreparable harm or injury; or

    b.     a fair chance of success on the merits and that the balance of hardships tips sharply in its favor. *State of Alaska v. Native Village of Venetie,* 856 F.2d 1384 (9th Cir. 1988). Nothing could be more severe to an appellant than to have its appeal rights lost as jurisdiction to remedy the erroneous order appealed from is lost. This, of course, makes the Bankruptcy Court the court of final determination, contrary to the express rights and remedies provided by statute. Courts have held that where a divergence of legal authority or case law on a particular question exists, a stay pending appeal is appropriate because the issue of the applicant's likelihood to prevail on the merits of an appeal is significant." *In re Richmond*

---

[6]     Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir. 1982) (Ruiz II) (modifying its suggestion in Ruiz I that a movant need only show a substantial case on the merits if the balance of equities weighs heavily in his favor on the other factors).

[7]     A stay should be granted where the appellant seeking a discretionary stay shows that (i) it is likely to succeed on the merits, (ii) the appellant will suffer irreparable injury if no stay is in place; (iii) no substantial harm will come to the appellee as a result of a stay; and (iv) the stay will do no harm to the public. BRP 8005; *In re Wymer* , 5, BR 802 (9th Cir 1980); *Lopez v.Heckler*, 713 F.2d 1432, 1435 (9th Cir 1983, aff'd 463 U.S. 1328 (1983), *motion to vacate denied ,* 464 U.S. 879 (1983).

---

*Metal Finishers, Inc.*, 36 BR 272, *citing* **In re Dobslaw**, 20 BR 922, 924 (ED Pa. 1982, Bankr); **In re Tenfield, Inc.**, 12 BR 14, 15 (ED Va. 1981, Bankr). *See, also* **In re First South Sav. Assoc..**, 820 F.2d 700 (5th Cir 1987).

13.     All of Movant's arguments on the merits of its Motion to Reconsider the Remand Order are set out in the Motion.  The Duty of Courts to Hear Cases has been ignored where a court refuses to acknowledge the law of the case, and acts *sue sponte* improperly.  Abstention (and remand) is not a doctrine favored by the Courts where the Courts clearly have jurisdiction.

> "*This Court repeatedly has stated that the federal courts have 'virtually unflagging obligation to exercise their jurisdiction except in those extraordinary circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.*" **Deakins v. Monaghan,** 484 U.S. 193, 203 (1988) citing **Colorado River Water Conservation Dist v. U.S.** 424 U.S. 800, 813;  **Moses H. Cone Memorial Hospital v. Mercury Construction Corp.**, 460 U.S. 1 (1983). [Emphasis added.].

And the legislative history of the statute indicates that abstention under this law is appropriate only in very limited circumstances not present in this case.[8]

### b.) Irreparable Harm Clearly Will Occur

14.     Mootness on appeal constitutes irreparable harm. *See,* **In re First South Sav. Assoc..**, 820 F.2d 700, 709 n. 11 (5th Cir 1987). **Artukovic v. Rison**, 784 F.2d 1354, 1356 (9th Cir 1986).  **Matter of Combined Metals Reduction Co.**, 557 F.2d 179 (9th Cir 1977).  Most courts, including the Fifth Circuit, accept a showing that the appeal will likely be rendered moot if the stay is not granted as compliance with this element. **In re First S. Sav. Ass'n,** 820 F.2d at 705; **In re Intermet Realty Partnership,** 27 B.R. at 939.  An irreparable harm argument based on possible mootness is bolstered by demonstrating that the contemplated or pending appeal is the only avenue for relief. **In re First South Savings Association** demonstrates such an argument.  In that case, the value of the first lienholder's claim was higher than the value of the

---

[8]     Such limited circumstances are discussed in **Thompson v. Magnolia Petroleum,** 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940).  The Supreme Court held in **Thompson** that the Bankruptcy Court had abused its discretion in determining real property rights when the underlying state law was so unsettled that there was a direct conflict at the Appeals Court level.

debtor's collateral (an office building). The bankruptcy court approved $2 million in new financing in exchange for the issuance of a super-priority lien to the new creditor which would have increased the value of the property by only $1 million. The first lienholder's interests would have been substantially undermined by the consummation of this losing deal. The bankruptcy court and the district court denied the motion for a stay.  On appeal to the Fifth Circuit, the court held that the lienholder's claims on the merits were strong and noted that unless a stay was granted, the super-priority position of the new creditor could not be modified or reversed on appeal if the loan was made in good faith "due to the express provisions of the Bankruptcy Code," namely, section 364(e). [*Id,* 820 F.2d at 704-05].  After concluding that there was no other avenue for relief and that the other parties would not be harmed by the stay, the court issued a "limited mandamus" requiring the district court to enter a stay and hold a prompt hearing on the merits of the appeal.  The interplay between the need for a stay and the doctrine of mootness is apparent. Unless a stay is granted pending appeal, this appeal could easily be rendered moot by the certification to the State Court of the Order of Remand. *See, e.g., In re First S. Sav. Ass'n,* 820 F.2d 700 (5th Cir. 1987); *Miami Center Ltd. Partnership v. Bank of N.Y.,* 838 F.2d 1547 (11th Cir 1988); *In re Charter Co.,* 81 B.R. 90 (M.D. Fla. 1987); *In re Quality Spice Corp.,* 107 B.R. 843 (D.N.J. 1989) (appeal dismissed where all transactions of agreement were consummated and relief was rendered moot). For this reason, the motion for stay which accompany the notice of appeal, where a later legal remedy is unavailable in the absence of a stay, is critical.

### c.) No Material Harm to Appellee Will Occur

15.    This element is not significant in an appeal of an order granting a remand motion. Most all cases emphasizing this element deal with damage to the reorganization process if a delay occurs. *See, e.g.. In re Masterpeter,* 58 BR 155 (D NJ 1986, Bankr).    This is not the case here, where the reorganization process will not be delayed by the stay and this Court's retention of jurisdiction over this case until a ruling on the remand issue.

### c.)    Public Interest Favors A Stay

16.     As is the case with the previous element, it is usually argued that the public interest disfavors the granting of a stay pending appeal in bankruptcy cases because the delay may permit creditor and equity interest to decline. *See, e.g.. In re Porter*, 54 BR 81, 82 (ND Okla 1985, Bankr.).   This is not the case here.   There is no pending reorganization, only liquidation.   The suit is to recover damages for the benefit of the Debtor, not its creditors. Although the law applicable to 28 U.S.C. 1334 now prohibits remand, even if this were not the case, none of the *Browning v. Navarro*, 743 F.2d 1069, 1076 (5th Cir. 1984) equitable grounds for remand are compelling in this case.   (1) forum non conveniens;[9]   (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court;[10]

---

[9]     Federal courts generally follow the *forum non conveniens* factors that the Supreme Court originally articulated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *See, e.g.,* 1A *Moore's Federal Practice*, ¶ 0.345[5], at 4363 (1994); *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 836 (5th Cir. 1993). The "private interest" factors to consider include the following factors:

- the weight to be given to plaintiff's original choice of forum;
- the relative ease of access to sources of proof;
- availability of compulsory process for attendance of unwilling witnesses;
- questions as to the enforceability of a judgment if one is obtained; and
- relative advantages and obstacles to fair trial.

1A *Moore's Federal Practice*, ¶ 0.345[5], at 4363-67.

The factors concerning ease of access to proof and ability to compel the presence of unwilling witnesses both militate for the bankruptcy court as a more convenient forum.   Further, the Plaintiff will not be able to recover from Ms. Campos without the bankruptcy court's participation (and despite Plaintiff's protestations that it will not seek recovery from Campos, she remains a defendant in this Adversary Proceeding), and the Defendants' rights and liabilities as they relate to Ms. Campos can only be decided by the bankruptcy court in a claims allowance proceeding.   Therefore, the factor of the ability to enforce a judgment, if obtained, indicates that the bankruptcy court is the appropriate forum.

[10]     Usually when a court remands on this ground, it is because of significant prior expenditure of resources in state court.   In contrast, in the present situation, there have been no significant proceedings thus far in the state court prior to removal. *See, e.g., Intra Muros Trust v. Trust Stop Scale Co.*, 163 B.R. 344, 346 (N.D. Ind. 1994) (citing fact that state court had "spent over two years of time and effort on this case, and this case was ready for trial before the Notice of Removal was filed" in ordering remand); *In re Morris*, 55 B.R. 615, 616 (Bankr. N.D.Tex. 1985) (remanding, citing "substantial duplication of efforts already expended in the state court litigation" in that "the state court had familiarized itself with the legal and factual issues," "substantial discovery had been undertaken," and a pre-trial hearing was pending); *In re Chapman*, 132 B.R. 153, 158 (Bankr. N.D.Ill. 1991) (remanding, citing duplication of judicial resources in that case had been tried and issues fully disposed of in state court; all that remained in state court was foreclosure sale and approval thereof); *In re Shop & Go, Inc.*, 124 B.R. 915, 917 (Bankr. M.D.Fla. 1991).

---

(3) a holding that a state court is better able to respond to questions involving state law; [11]   (4)

expertise of the particular court;[12]  *Id.* [13]  (5) duplicative and uneconomic effort of judicial

resources in two forums;[14]   (6) prejudice to the involuntarily removed parties;[15]   (7) comity

---

[11]   Numerous courts, including this Court, have recognized that, especially in the bankruptcy context, the mere presence of state law claims is not dispositive. "[T]he mere presence of state law issues is not enough to warrant abstention since 'virtually every issue which arises within the context of a bankruptcy court involves state law to at least some degree.'" *All American Laundry Service v. Ascher (In Re Ascher)* 128 B.R. 639, 647 (Bankr.N.D.Ill. 1991) (citations omitted). *See also, e.g., Neuman v. Goldberg,* 159 B.R. 681, 688 (S.D. N.Y. 1993); *Chicago, Milwaukee, St. Paul and Pacific Railroad Company (In re Chicago, Milwaukee, St. Paul and Pacific Railroad Company)* 654 F.2d 1218, 1221 (7th Cir. 1981) (a bankruptcy court is qualified to decide a suit where no more uncertainty attends [its] disposition than is present in the decision of most legal questions . . . or where the law bearing on the same question in other context is reasonably clear . . .).

[12]   Further, the Bankruptcy Court has expertise in addressing bankruptcy issues where state courts may not fully understand bankruptcy law and process. *See, e.g., Sanders v. City of Brady, Texas (Matter of Brady, Texas Mun. Gas Corp.),* 936 F.2d 212 (5th Cir. 1991), cert. denied, *112 S.Ct. 657* (1991). Both the bankruptcy process itself and the party disadvantaged by the erroneous decision are irreparably damaged when a state court errs in deciding bankruptcy issues because even a state court's clearly erroneous decision on bankruptcy matters potentially is entitled to full faith and credit. *Id.*

The state court in Cameron County has no particular expertise or advantage over the Bankruptcy Court in dealing with claims in a bankruptcy case. However, the Bankruptcy Court does have expertise in the bankruptcy issues that will necessarily be involved in the resolution of this case. In addition, the Bankruptcy Court consistently deals with complex commercial issues involving both state and federal bankruptcy law. Therefore, the factor of the expertise of the court from which this action was removed militates against remand.

There is no prejudice to Plaintiff from the removal to the Bankruptcy Court. Plaintiff has no valid interest in litigating this dispute in Cameron County State Court over Bankruptcy Court or Federal District Court. Third Party Plaintiff does not state, and cannot state, any compelling or valid reason for its choice of Cameron County as a forum justifying removal.

[13]   The preservation of the integrity of the bankruptcy process is at issue in the instant case. State courts sometimes make serious mistakes in deciding matters relating to bankruptcy cases simply because they sometimes do not understand bankruptcy law and the process involved in bankruptcy reorganization plans. *See, e.g., Sanders v. City of Brady, Texas (Matter of Brady, Texas Mun. Gas Corp.),* 936 F.2d 212 (5th Cir.), *cert. denied, 112 S.Ct. 657* (1991). The Bankruptcy Court cannot abdicate to the state court the resolution of those issues.

[14]   This is similar to the situation in *In Re Finley,* 62 B.R. 361, 367 (Bankr. N.D. Ga. 1986):

In this case, a duplication of judicial resources is probable since a bankruptcy court would have to determine rights in and the disposition of the attached funds. The court would also have to address whether the facts warranted a lifting of the stay in order to allow the state action to proceed. A more economical use of judicial time and effective determination of the rights of all interested parties would be accomplished by denying the remand.

[15]   There is no prejudice to Plaintiff from the removal to the Bankruptcy Court. Plaintiff has no valid interest in litigating this dispute in Cameron County State Court over Bankruptcy Court or Federal District Court. Third Party Plaintiff does not state, and cannot state, any compelling or valid reason for its choice of Cameron County State Court as a forum justifying remand.

---

considerations;[16] and   (8)   a lessened possibility of an inconsistent result.  *Id.*   The Court has also indicated that *In re Branded Products*, 154, B.R. 936, 942 (Bankr. W.D. Tex. 1993) factors should be included to expand *Browning*.   However, even under such extensions (i)  no factors can overcome the loss of jurisdiction to remand, nor (ii) support a federal common law policy of giving special consideration to a school district.

### D.    THE SUPERSEDEAS BOND REQUIREMENT FOR A STAY AS A MATTER OF RIGHT IS FLEXIBLE AND NON PUNITIVE:

17.    The costs of any bond in this case should be minimal.    TCB is a defendant, sued on a contingent, disputed and unliquidated claim.   The relevant factors to be considered in determination of whether, for a stay as a matter of right under BRP 7062, a bond will be required, and if so, the amount of the bond include:[17]

a.    The financial condition of the judgment debtor;  (this factor applies where there is an indication of lack of financial solvency, certainly not the situation for Movant herein) who is not the debtor in this proceeding.  Because no judgment is involved, any substantial bond would be in the nature of a pre-judgment writ which is totally unwarranted.   In fact, no bond should be required.

b.    The likelihood and degree of harm to the judgment debtor if execution of the judgment is not stayed.  (The factor weighs in favor of little or no bond because the appeal is limited in duration to an appeal to the District Court.)   Again, because no judgment is involved, and no liquidated claim at issue, no bond should be required.

c.    the likelihood and degree of harm to the judgment creditor if execution of the judgment is stayed;  (Of course, there is no judgment creditor in this case,  and no execution to be stayed).   No judgement execution is at issue.

---

[16]    There are no comity considerations supporting remand to Cameron County.  Comity considerations, however, do warrant exercise of Bankruptcy Court jurisdiction based on the recognized bankruptcy issues. Consequently, the balance of these considerations strongly favors bankruptcy jurisdiction over remand to state court.

[17]    *In re Calisoff*, 92 BR 357, 359 (Bankr. N.D. Ill 1988); *In re James Yao Gleasman,* 111 BR 545 (W.D. Tex. 1990).

---

d.      whether the judgment debtor will be less likely to able to satisfy the judgment after resolution of its post trial motion.  (Again, there is no judgment creditor in this case, and no execution to be stayed).    TCB will be able to satisfy any costs incurred in this appeal of a remand order and accordingly, this factor should not justify a bond.

e.      the availability of alternate means of security.  (This is not an issue particularly in light of the favorable financial condition of the Movant, TCB).  *See, e.g.. In re Calisoff*, 92 BR 357, 359 (Bankr. N.D. Ill 1988);  *In re James Yao Gleasman,* 111 BR 545 (W.D. Tex. 1990).  No security is needed or required for an appeal as a matter of statutory right from a remand order.

18.    As indicated above, the posting of a bond is not mandatory under FRCP 62 or BRP 7062 in order to obtain a stay.[18]  And in a non-money judgment or order, the amount of the bond, if ordered, is only required to be sufficient to cover the unsatisfied judgment, costs on appeal, interest or damages for delay. *See, Mansion House,* 682 F. Supp. at 449-450.  A bond may also not be required even in the case of money judgments.  In *Mansion*, the court did not require a bond, and noted that in a non-money judgment or order "the appropriate amount of the supersedeas bond . . . *would at most be a bond amount sufficient to cover the anticipated costs of the appeal." Id.* at 450 (Emphasis Added).  Thus, if a bond is found to be warranted, the amount of the bond, if required, should be sufficient to protect the appellee from the costs of an appeal (in non-money judgment appeals), and it is for the bankruptcy court to determine the amount and sufficiency of the bond. *In re Max Sugerman Funeral Home, Inc.* 94 BR 16, 17 (D. RI 1988 Bankr);  *Farmer v. Crocker National Bank (In re Swift Aire Lines, Inc)*,  21 B.R. 12, 14 (Bankr. 9th Cir 1982).

19.    Two cases present examples of grants of a stay conditioned on the posting of a supersedeas bond. *Miami Center Ltd. Partnership*, 838 F.2d 1549 (bankruptcy court stayed

---

[18]      *See, e.g.. Dillon v. City of Chicago,* 866 F.2d 902 (7th Cir 1988) (district court abused its discretion by requiring a financially solvent appellant to post a bond sufficient to cover a judgment of $162,000).  Particularly as to remand orders, there is no money judgment.

order consolidating five debtors' estates and authorizing the sale of all assets to the principal creditor); *In re Pine Lake Village Apartment Co.*, 21 B.R. at 396 (bankruptcy court stayed order lifting automatic stay against lien enforcement proceedings).[19]

## III.
## CONCLUSION

20.    Substantial and material harm predominates this Motion for Stay.  Regarding the Motion to Reconsider, Movants have show a strong probability of success on the merits. Notwithstanding an adverse ruling on the Motion to Reconsider, it was never intended that with respect to decisions to remand, thereby decline jurisdiction, that the Bankruptcy Court be the court of final determination.  Not only does the statute cut against this result (specifically and clearly) but the Federal and Bankruptcy Rules of procedure require, upon posting of security (if determined necessary) that a stay be imposed to allow appellate rights to perfect.   Finally, the predominant element for discretionary stays, harm to the Movant, outweighs all the other elements and, to the extent that this Court does not believe a "likelihood" exists for success on appeal, that standard must only be weighed in context with the results of consideration of all four elements.    Denial of a stay would be manifestly unfair and unjust and defeat the due process rights afforded litigants.

Wherefore, Movants request that the Third Party Defendants' Emergency Motion for Stay of Order on Remand Pending Motion for Reconsideration and Pending Any Subsequent Timely Filed Appeal be granted prior to March 12, 2001 and for such other and further relief as is just.

Dated:  March 8th, 2001.

---

[19]    Ironically, because the bond was never filed in either case, the stay did not issue.

# CERTIFICATE OF SERVICE

I, Shelby A. Jordan, do hereby certify that a true and correct copy of the foregoing instrument was served to the following parties on this 8th day of March, 2001 by certified mail, facsimile or Federal Express as indicated:

**Via Certified Mail**
Patricio Ahumada
53 Alan A Dale
Brownsville, Texas 78521

**Via Certified Mail and**
**Via Fax (956) 541-2170**
Norton A. Colvin, Jr.
Rodriguez, Colvin & Chaney
1201 E. Van Buren
Brownsville, Texas 78520

**Via Certified Mail and**
**Via Fax (956) 982-0943**
Kelly K. McKinnis
612 Nolana Loop, Suite 240
McAllen, Texas 78504

**Via Certified Mail and**
**Via Fax (956) 544-7828**
Albert Villegas
1324 E. 7th Street
Brownsville, Texas 78520

**Via Certified Mail and**
**Via Fax (956) 982-0943**
Jose Rolando Olvera, Jr.
Fleming & Olvera
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521

**Via Federal Express Courier**
Attn: Anita Ainsworth, Case Manager
The Honorable Judge Manuel D. Leal
United States Bankruptcy Court
515 Rusk Avenue, 7th Floor
Houston, Texas 77002


Shelby A. Jordan

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *IN RE:* | § | |
| | § | CASE NO.  94-21338-B-11 |
| CICLON NEGRO, INC., | § | |
| | § | Chapter 11 |
| Debtor. | § | |

-----------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| TEXAS GULF TRAWLING CO., INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 96-2054-B |
| | § | |
| | § | |
| RCA TRAWLERS & SUPPLY, INC. AND | § | |
| PATRICIO AHUMADA | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING
### TEXAS COMMERCE BANK, N.A.'S
### MOTION FOR RECONSIDERATION OF ORDER ON REMAND

Came on to be considered the Texas Commerce Bank, N.A.'s Motion for Reconsideration of Order on Remand, submitted by Texas Commerce Bank, N.A. (herein "TCB" or "Movants"), and after due consideration of same, the Court is of the opinion that the Motion should be granted; it is therefore

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration of Order on Remand is GRANTED and the Court's prior Order on Remand entered on March 2, 2001 is set aside in all respects and vacated, and this case shall proceed to final adjudication before this Court.

Dated: _____, 2001.


_____
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

Shelby A. Jordan
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 888-5555

Michael J. Urbis
*Jordan, Hyden, Womble & Culbreth, P.C.*
2390 Central Blvd., Suite G
Brownsville, Texas 78520
Telephone: (956) 542-1161
Telecopier: (956) 542-0051

Attorneys for TEXAS COMMERCE BANK, N.A.

---