United States District Court
Southern District of Texas
FILED

MAR 1 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TEXAS GULF TRAWLING CO., INC. § | | |
| § | MISC. NO. B-01-008 | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| § | APPEAL FROM: | |
| RCA TRAWLERS & SUPPLY, INC. AND § | ADVERSARY NO. 96-2054-B | |
| PATRICIO AHUMADA § | United States Bankruptcy Court | |
| § | | |
| Defendants. § | | |

**MOTION FOR EXPEDITED HEARING ON**
**MOTION FOR STAY OF REMAND ORDER PENDING APPEAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES TEXAS COMMERCE BANK, N.A., Third-Party Defendant in the above-referenced action (herein "TCB" or "Movants"), contemporaneous herewith filed pursuant to 28 U.S.C. 1452(b) and BRP 8005 file this its Motion for Expedited Hearing on Third Party Defendant's Emergency Motion For Stay of Remand Order Pending Appeal, and request hereby an emergency hearing thereon, as follows:

**I.**
**PRELIMINARY STATEMENT**

1. The Bankruptcy Court rendered an Order and an opinion entered by the clerk on March 2, 2001 remanding this Adversary Proceeding back to the State District Court of Cameron County, Texas. Thereafter, and with the filing of this Motion, Movants filed an Emergency Motion for Stay of Order on Remand Pending Motion for Reconsideration and Pending Any Subsequent Timely Filed Appeal and Memorandum of Authorities ("Emergency Stay Motion"). On March 12, 2001, the Bankruptcy Court issued a ruling from the bench denying reconsideration of the Order.

---

Motion for Expedited Hearing on
Motion for Reconsideration                    Page 1.

## II.
## THE EMERGENCY

2. Movants have, within ten days of the entry of the denial of the Motion for Reconsideration of the Remand Order are filing a Notice of Appeal. The effect of the Remand Order, if not stayed beyond the 10 day period provided in the Bankruptcy Rules, is to permit the Clerk of the Bankruptcy Court to send a certified copy of the Remand Order to the Clerk of the State District Court of Cameron County, Texas, thereby possibly rendering moot the appeal, and further, depriving this Court of jurisdiction over the remanded case. Fifth Circuit controlling case law and authority supports this concern.

3. If the Remand Order is not stayed by this Court, the Movants, will be left without a remedy and will suffer irreparable injury and harm. Loss of the right to have this complex case litigated in the initial forum selected by the Debtor, and the forum appropriate for adjudication of matters related to a bankruptcy case, and to litigate issues of res judicata, collateral estoppel and plan confirmation, are substantive and valuable rights of TCB which may be lost if this Remand Order is not stayed.

4. A hearing held in accordance with this Court's Rules and normal scheduling requirements [no response otherwise being required until (20) twenty days after notice is given of the filing a motion] will be too late, and will substantially prejudice the rights of Movants as herein set out.

5. **Movants seek a hearing prior to March 13, 2001.**

## III.
## BASIS FOR HEARING

6. Movants are entitled to a Stay as a matter of right in order to protect their right for reconsideration of the Bankruptcy Court's Remand Order, and to protect the jurisdiction of the United States Bankruptcy Court in the event that Movant's appeal is successful. Alternatively, this Court should consider granting a stay pending appeal as a discretionary matter on the following grounds:

---

a. Movants should be successful on the merits of their appeal, in which event this matter will proceed before the federal courts rather than the State District Court of Cameron County, Texas.

b. Respondent will not suffer any substantial harm from the stay pending the appeal to the United States District Court, which appeal is expressly permitted by applicable law.

c. No public interest will be harmed as a result of a Stay pending appeal being entered and the ends of justice will be served by such a Stay.

## IV.
## AFFIDAVIT

7. Attached hereto as Exhibit "A" is a true copy of the Affidavit of Michael J. Urbis regarding the factual basis for this request for emergency and expedited hearing.

Wherefore, Movant requests that an emergency and expedited hearing be set on its Emergency Motion for Stay Pending Appeal prior to March 13, 2001 and for such other and further relief as is just.

Dated: March 12th, 2001.

Respectfully submitted,

*[signature]*

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555


Michael J. Urbis

Admissions No. 15132
State Bar No. 20414130
***Jordan, Hyden, Womble & Culbreth, P.C.***
2390 Central Blvd., Suite G
Brownsville, Texas 78520
Telephone No. (956) 542-1161
Telecopier No. (956) 542-0051

Attorneys-in-Charge for Movants

### CERTIFICATE OF SERVICE

I, Shelby A. Jordan, do hereby certify that a true and correct copy of the foregoing instrument was served to the following parties on this 8th day of March, 2001 by certified mail, facsimile or Federal Express as indicated:

**Via Certified Mail**
Patricio Ahumada
53 Alan A Dale
Brownsville, Texas 78521

**Via Certified Mail and**
**Via Fax (956) 541-2170**
Norton A. Colvin, Jr.
Rodriguez, Colvin & Chaney
1201 E. Van Buren
Brownsville, Texas 78520

**Via Certified Mail and**
**Via Fax (956) 982-0943**
Kelly K. McKinnis
612 Nolana Loop, Suite 240
McAllen, Texas 78504

**Via Certified Mail and**
**Via Fax (956) 544-7828**
Albert Villegas
1324 E. 7th Street
Brownsville, Texas 78520

**Via Certified Mail and**
**Via Fax (956) 982-0943**
Jose Rolando Olvera, Jr.
Fleming & Olvera
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521

**Via Federal Express Courier**
Attn: Anita Ainsworth, Case Manager
The Honorable Judge Manuel D. Leal
United States Bankruptcy Court
515 Rusk Avenue, 7th Floor
Houston, Texas 77002

Michael J. Urbis

---

Motion for Expedited Hearing on Third-Party
Defendants' Emergency Motion for Stay        Page 4

# EXHIBIT "A"

## AFFIDAVIT

**COUNTY OF CAMERON**

}

**STATE OF TEXAS**

BEFORE ME, the undersigned authority, personally appeared Michael J. Urbis, and after being duly sworn upon his oath stated as follows:

"My name is Michael J. Urbis, and I am over the age of 18 years, a licensed and practicing attorney representing the Texas Commerce Bank, N.A. and make the following affidavit upon my personal knowledge:

The Bankruptcy Court rendered an Order and an opinion entered by the clerk on March 2, 2001 remanding this Adversary Proceeding back to the State District Court of Cameron County, Texas and thereafter Movants filed a Motion for Reconsideration within 10 days of the entry of the Remand Order.

Pursuant to the Remand Order, the initial 10 days being stayed by operation of the Bankruptcy Rules of Procedure, after the initial 10 days irreparable harm may occur to Movant.

The effect of the Remand Order, if not further stayed beyond the 10 day period provided in the Bankruptcy Rules, is to permit the Clerk of the Bankruptcy Court to send a certified copy of the Remand Order to the Clerk of the State District Court of Cameron County, Texas, thereby likely rendering moot Motion any subsequent appeal, and further, depriving the United States District Court (to which the appeal is taken as a matter of right) of jurisdiction over the remanded case, based upon existing Fifth Circuit and controlling authority.

If the Remand Order is not stayed by this Court, Movant will be left without a remedy and will suffer irreparable injury and harm.

This motion is not sought except for the ends of justice.

A hearing held in accordance with this Court's Rules and normal scheduling requirements [no response otherwise being required until (20) twenty days after notice is given of the filing a motion] will be too late to prevent the Clerk of the Bankruptcy Court from certifying to the State Court the Remand Order made the basis of the Appeal, and will substantially prejudice the rights of Movant.

_____
Michael J. Urbis

SUBSCRIBED AND SWORN TO WITNESS MY HAND AND SEAL OF OFFICE THIS 12th DAY OF MARCH, 2001.

*Georgina Guzman* (signature)
Notary Public in and for the State of Texas

*Georgina Guzman* (signature)
(printed name)

Commission Expires: 2-22-04

GEORGINA GUZMAN
MY COMMISSION EXPIRES
February 22, 2004